JODI LINKER
Federal Public Defender
DANIEL P. BLANK
Senior Litigator
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:    (415) 436-7700
Facsimile:    (415) 436-7706
Email:    Daniel_Blank@fd.org

Counsel for Defendant WILLIAMS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RODNEY WILLIAMS,<br><br>Defendant. | Case No.: CR 24–0540 SI<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>**Court:**    Hon. Susan Illston<br>**Date:**    August 5, 2025<br>**Time:**    11:00 a.m. |

**ARGUMENT**

The parties in the above-referenced case jointly recommend a sentence of 120 months imprisonment pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), based upon a downward variance pursuant 18 U.S.C. § 3553(a), below the low-end of the stipulated advisory guideline range, balancing the seriousness of the instant offense and the history and characteristics of Defendant Rodney Williams. PSR ¶ 4.  The U.S. Probation Officer calculates the advisory guideline range consistent with the plea agreement, but does not recommend any downward variance, and instead recommends a sentence of 168 months at the low end of that range. *Id.; see also* PSR Sentencing Recommendation at 1-3. In doing, so the U.S. Probation Officer fails to take into account one of the most important factors warranting a downward variance in this case, the early and extraordinary acceptance of responsibility demonstrated by Mr. Williams.

In the section of the PSR setting forth the justification for the U.S. Probation Officer's sentencing recommendation, it is correctly noted, for example, that "Mr. Williams had a difficult upbringing consisting of physical abuse, verbal abuse, sexual abuse and poverty." PSR Sentencing Recommendation at 2.  Also noted is the fact that Mr. Williams has "expressed an interest in therapy to address his childhood trauma," which has never previously been addressed and plainly led directly to the instant offense. *Id.* Absent from the PSR's sentence justification section, however, is any reference to the early and extraordinary acceptance of responsibility demonstrated by Mr. Williams. Specifically, not only did Mr. Williams waive his right to an indictment in this case and promptly plead guilty pursuant to an agreement with the government, PSR ¶¶ 1-4, but long before that he took full responsibility for his conduct, starting from the moment a search warrant was executed at his residence, when he voluntarily waived his *Miranda* rights and stated that "'anything in the house was [his]' and that he possessed CSAM on one of the iPhones," which he admitted to purchasing "through social media/messaging applications" PSR ¶ 10. Although these undisputed facts demonstrating his early and extraordinary acceptance of responsibility are recounted in the body of the PSR, the U.S. Probation Officer does not reference them in the sentence justification section, and appears not to have taken them into account.  Together with the other factors that were cited by the U.S. Probation Officer, it is submitted that the proper sentence in this case is 120 months imprisonment.

# CONCLUSION

For the aforementioned reasons, and those that it is expected that the government will set forth more fully in its sentencing memorandum, the Court should sentence Mr. Williams to a term of imprisonment of 120 months, consistent with the plea agreement under Rule 11(c)(1)(C).

Dated:   July 31, 2025

Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

           /S
DANIEL P. BLANK
Senior Litigator