CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ELI J. COHEN (NYBN 5539226)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7443
    FAX: (415) 436-7234
    Eli.Cohen@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>RODNEY WILLIAMS,<br><br>    Defendant. | CASE NO. 24-CR-00540-SI<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Court:        Hon. Susan Illston<br>Hearing Date:  August 8, 2025<br>Hearing Time:  11:00 a.m. |

## INTRODUCTION

Defendant Rodney Williams ("Williams" or the "defendant") appears before the Court for sentencing on charges of Possession with Intent to Distribute 500 Grams and More of a Mixture or Substance Containing Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii); Possession with Intent to Distribute 500 Grams and More of a Mixture or Substance Containing Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii); Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1); and two counts of Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).

While the defendant has a long and varied criminal history, he quickly accepted responsibility for the instant crimes and faces a considerable mandatory minimum sentence. Therefore, the parties have agreed that a reasonable and just disposition of the case under the United States Sentencing Guidelines ("U.S.S.G.") and 18 U.S.C. § 3553(a) is: 120 months imprisonment, to be followed by five years supervised release, with conditions to be determined by United States Probation ("Probation"), including a special search condition. The defendant also agreed to pay restitution as ordered by the Court, but in no event less than $89,000, is subject to mandatory special assessments of $100 per felony count, as well as an additional special assessment of up to $17,000 under 18 U.S.C. § 2259A(a)(1), and has agreed to forfeit various property.

For the reasons explained below, the United States respectfully recommends that the Court impose a sentence of: (i) 120 months imprisonment; (ii) five years supervised release with conditions determined by Probation and including a special search condition; (iii) restitution of at least $89,000; (iv) a special assessment of $500; and (v) forfeiture of the Subject Property described in the Plea Agreement.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.     Criminal History and the Instant Offense

The defendant is 55 years old, and as described in the Presentence Investigation Report ("PSR"), has a long, varied, and extremely concerning criminal history. *See* PSR ¶¶ 54-64. This history includes multiple weapons offenses, a felony drug crime, and attempted predation of a child. *Id.* Indeed, as noted in the PSR, his past crimes and sentences are reflected in a criminal history score of six and criminal history category of III. *Id.* ¶ 65. He has served numerous jail and prison sentences, with the longest resulting in approximately seven-and-a-half years in state custody. *Id.* ¶¶ 54-64. The defendant describes a troubled and abusive upbringing, and long history of substance abuse. *Id.* ¶¶ 77-79; 87.

The conduct underlying the charges in this case is multifaceted and egregious. PSR ¶¶ 6-14. It involves the possession for sale of enormous quantities of destructive drugs, the illegal possession of a veritable arsenal of weapons and ammunition, and the victimization of children through the possession of a massive trove of child pornography. *Id.* The defendant's history and instant crimes unequivocally call for significant punishment.

B.    **Procedural Background**

On August 7, 2024, the United States Attorney charged the defendant by Criminal Complaint with one count of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and one count of Prohibited Person in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).  The defendant quickly waived his right to Indictment, and on October 7, 2024, the United States Attorney charged him with the instant five counts by Information and sought the forfeiture of various property.

On May 16, 2025, the defendant pleaded guilty to all counts in the Information pursuant to a Plea Agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) (the "Agreement").  In the Agreement, that parties agreed that Counts One and Two corresponded to a base offense level of 32 under United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(c)(4) based on a total converted drug weight of 7,946 kilograms, and on the application of a two-level (+2) enhancement for possession of a firearm in connection with the offenses under U.S.S.G. § 2D1.1(b)(1), for an adjusted offense level of 34.  The parties agreed that Count Three corresponded to a base offense level of 26 under U.S.S.G. § 2K2.1(a)(1), and on the application of a four-level (+4) enhancement for the possession of 8 to 24 additional firearms under U.S.S.G. § 2K2.1(b)(1)(B), a one-level (-1) reduction under U.S.S.G. § 2K2.1(b), and a four-level (+4) enhancement under U.S.S.G. § 2K2.1(b)(6) for the firearms being possessed in connection with another felony, for an adjusted offense level of 33.

The parties agreed that Counts Four and Five corresponded with a base offense level of 18 under U.S.S.G. § 2G2.2(a), and on the application of a two-level (+2) enhancement under U.S.S.G. § 2G2.2(b)(2) for the matters involving a prepubescent minor or minor under 12 years old, a four-level (+4) enhancement under U.S.S.G. § 2G2.2(b)(4) for the matters depicting sexual abuse of a toddler, a two-level (+2) enhancement under U.S.S.G. § 2G2.2(b)(6) for the involvement of a computer, and a five-level (+5) enhancement under U.S.S.G. § 2G2.2(b)(7) for the possession of 600 or more images, for an adjusted offense level of 31.  The parties agreed that Counts One through Three and Counts Four and Five formed two separate groups of closely related counts under U.S.S.G. § 3D1.2(b), creating two Total Units under U.S.S.G. § 3D1.4(a), and yielding a further two-level (+2) enhancement.  The parties further agreed that this yielded an offense level of 36, and on a three-level (-3) reduction for acceptance of

responsibility under U.S.S.G. § 3E1.1, for a Total Adjusted Offense Level of 33. The parties have reached no agreement regarding the defendant's Criminal History Category.

The parties further agreed that a reasonable and appropriate disposition of the case under the U.S.S.G. and 18 U.S.C. § 3553(a), and the sentence to which the parties agreed, is: 120 months incarceration, to be followed by five years of supervised release, with conditions to be determined by Probation, and including a special search condition. The defendant also agreed to pay restitution as ordered by the Court, but in no event less than $89,000, and to forfeit certain property described in the Agreement (the "Subject Property"). The defendant is also subject to mandatory special assessments of $100 per count, as well as an additional special assessment of up to $17,000 under 18 U.S.C. § 2259A(a)(1).

## OFFENSE LEVEL AND CRIMINAL HISTORY CALCULATIONS

### A. The PSR's Total Offense Level Calculations Are Correct

The government agrees with Probation's offense level calculations in the PSR, which are set forth below:

COUNT GROUP 1: Counts One through Three

| | |
|---|---|
| a. Base Offense Level, U.S.S.G. § 2D1.1(a)(5); (c)(4) | 32 |
| b. Specific Offense Characteristics Under U.S.S.G. Ch. 2 | |
|     U.S.S.G. § 2D1.1(b)(1) – Firearm Possessed | +2 |
| c. Adjusted Offense Level | 34 |

COUNT GROUP 2: Counts Four and Five

| | |
|---|---|
| a. Base Offense Level, U.S.S.G. § 2G2.2(a)(1) | 18 |
| b. Specific Offense Characteristics Under U.S.S.G. Ch. 2 | |
|     U.S.S.G. § 2G2.2(b)(2) – Prepubescent/Under age 12 | +2 |
|     U.S.S.G. § 2G2.2(b)(4)(B) – Sexual Abuse of a Toddler | +4 |
|     U.S.S.G. § 2G2.2(b)(6) – On/Using Electronic Device | +2 |
|     U.S.S.G. § 2G2.2(b)(7)(D) – Possessed over 600 Images | +5 |
| c. Adjusted Offense Level | 31 |

MULTIPLE COUNT ADJUSTMENT – U.S.S.G. § 3D1.4(a), (b), and (c)

| Group/Count | | Adjusted Offense Level | Units |
|---|---|---|---|
| a. | Count Group 1 | 34 | 1.0 |
| b. | Count Group 2 | 31 | 1.0 |
| c. | Total Number of Units: | | 2.0 |

TOTAL OFFENSE LEVEL

| | | | |
|---|---|---|---|
| a. | Highest Group Offense Level | | 34 |
| b. | Increase in Offense Level - U.S.S.G. § 3D1.4 | | +2 |
| c. | Acceptance of Responsibility – U.S.S.G. § 3E1.1 | | - 3 |
| d. | Total Offense Level | | 33 |

The government also agrees that the defendant's criminal history category is III. PSR ¶ 65. A total offense level 33 at CHC III yields a guidelines range of 168-210 months.

### B. The Government Agrees with Probation's Application of the Sentencing Enhancements Under § 2D1.1(b)(1) and § 2G2.2

The government further agrees with Probation's recommendation that the above-described sentencing enhancements apply to this case. The Ninth Circuit has held that district courts should apply a preponderance of the evidence standard when evaluating the application of sentencing enhancements. *United States v. Lucas*, 101 F.4th 1158, 1162 (9th Cir. 2024) (en banc). "[T]he preponderance of the evidence standard is sufficient to satisfy due process for fact-finding under the advisory Guidelines, even when a fact has an extremely disproportionate effect on the sentence." *Id.*

#### 1. § 2D1.1(b)(1) – Firearm Possessed

The government agrees that this sentencing enhancement applies to this case. This Guidelines section states that it shall apply if "a dangerous weapon (including a firearm) was possessed[.]" Clearly, the preponderance standard is met with respect to this sentencing enhancement. The defendant possessed numerous firearms, and pleaded guilty to the same.

/ / / /

## 2. § 2G2.2 Enhancements

The government further agrees that the sentencing enhancements under § 2G2.2(b)(2); (b)(4)(B); (b)(6); and (b)(7)(D) apply to this case. Section 2G2.2(b)(2) states that it shall apply if "the material involved a prepubescent minor or a minor who had not attained the age of 12 years," and section 2G2.2(b)(4)(B) states that it shall apply if "the offense involved material that portrays . . . sexual abuse or exploitation of an infant or toddler[.]" Here, Agents were able to determine by observation that several of the videos in question here depicted toddlers, based on the appearance of the children. Additionally, the Victim Identification Reports ("VIRs") confirm that at least three of the child victims depicted were under 12 years old, and one was born in 2018. This certainly satisfied a preponderance standard that minors under 12, and specifically at least one toddler, were depicted.

Section 2G2.2(b)(6) states that it shall apply if "the offense involved the use of a computer or an interactive computer service for the possession . . . of the material[.]" Here, the defendant uploaded at least nine known Child Sexual Abuse Material ("CSAM") files to an online cloud-sharing service, and possessed further hundreds on an iPhone. This satisfies the preponderance standard of the use of a computer or interactive computer service.

Section 2G2.2(b)(7)(D) states that it shall apply if "the offense involved . . . 600 or more images." The defendant possessed 555 image files and 147 video files. Section 2G2.2, comment n.6(B)(ii) dictates that each video file be treated as 75 images. These numbers therefore equate to 11,580 images, far in excess of the 600 required by the subsection.

## SENTENCING RECOMMENDATION

### A. Legal Standard

The United States Sentencing Guidelines serve as "the starting point and the initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991 (citation omitted). In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), which include:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (3)    the need for the sentence imposed to afford adequate deterrence to criminal conduct; and

    (4)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

### B. United States Probation's Recommendation

Probation has recommended the Court impose a sentence of: (i) 168 months imprisonment; (ii) five years supervised release; (iii) restitution in an amount to be determined; (iv) a special assessment of $500; and (v) forfeiture. PSR pp. 30-39.

### C. Government's Recommendation

The United States respectfully recommends that the Court impose a sentence of: (i) 120 months imprisonment; (ii) five years supervised release with conditions determined by Probation and including a special search condition; (iii) restitution of at least $89,000; (iv) a special assessment of $500; and (v) forfeiture of the Subject Property described in the Agreement, as such a sentence appropriately balances the § 3553(a) factors.

    **1.    Nature and Circumstances of the Offense and The History and Characteristics of the Defendant; the Need for the Sentence to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment**

Without question, the nature and circumstances of the offenses underlying the Information are extremely serious. The defendant possessed with intent to distribute huge quantities of drugs, illegally possessed a massive cache of weapons and ammunition, and possessed a library of CSAM depicting young children. He has an extensive record of repeatedly committing just these types of crimes. He has been subject to several years-long state prison sentences, which have evidently failed to dissuade him from continued criminality. This all counsels in favor of a considerable prison sentence, and that is precisely what the government recommends. The government's recommended sentence of 120 months,

though admittedly less than Probation's recommendation, takes these considerations into account. The government's recommendation for a downward departure from the applicable Guidelines range also accounts for multiple factors militating in favor of this relative lenience: (i) the rapidity with which the defendant took accountability for his crimes, which significantly lessened the burden on both government resources and the victims; (ii) his agreement to submit to a victim restitution order in excess of that which is statutorily required; and (iii) the fact that this will lkely be the longest sentence he has served.[1]

The defendant was arrested on July 24, 2024. He took responsibility for his crimes almost immediately, waiving his *Miranda* rights and confessing. He was charged by federal Criminal Complaint two weeks later. Within two months of the Complaint being filed, the defendant waived his right to Indictment and agreed to proceed by Information; he then pleaded guilty to all counts expeditiously. Though any federal prosecution, no matter how streamlined, requires a substantial expenditure of government resources, the defendant saved the government significant cost and effort by accepting responsibility for his crimes quickly. More importantly, the prompt resolution of the case minimized the required involvement of the CSAM victims, sparing them potentially years-long participation in a contentious criminal prosecution which, as the Court is certainly aware, often leads to significant post-traumatic stress. He also agreed to submit to a minimum restitution order of $89,000, which accounts for the $3,000 statutory minimum for all identified victims, as well as an additional $14,000 specifically requested.[2]

The government's recommended sentence reflects the seriousness of the defendant's offenses. Though below Guidelines, ten years in federal prison is an extremely significant punishment. Such a sentence also promotes respect for the law. It demonstrates that a person who commits the defendant's crimes will not escape accountability but also incentivizes taking such accountability quickly.

/ / / /

---

[1] Though he previously received a ten-year sentence, he served approximately seven-and-a-half years.

[2] There are 25 identified victims, each of whom are entitled by statute to a minimum of $3,000, yielding a total of $75,000. Two representatives seek $10,000 each. The additional $7,000 for each of these increases the total by $14,000, for a sum of $89,000.

2.   **The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct**

The government's recommended sentence serves not only as specific deterrence to the defendant, but also general deterrence to others. It communicates to him and others that the type of crimes he committed in this case will be punished with appropriate severity, but that taking responsibility quickly will be taken into account.

3.   **The Need to Avoid Unwarranted Sentencing Disparities**

As Probation notes in the PSR, the Judiciary Sentencing INformation (JSIN) platform provides that for fiscal years 2020-2024, similarly situated defendants whose primary guideline was § 2D1.1, primary drug type was methamphetamine, and received a sentence of imprisonment, received average and median sentences of 136 and 144 months, respectively, and similarly situated defendants whose primary guideline was § 2G2.2 received average and median sentences of 147 and 153 months, respectively. PSR ¶ 114-15. The government's 120-month recommendation is within range of these numbers, and accounts for the rapidity with which the defendant accepted responsibility as well as other factors.

**CONCLUSION**

For all of the aforementioned reasons, the United States respectfully recommends that the Court impose a sentence of: (i) 120 months imprisonment; (ii) five years supervised release with conditions determined by Probation and including a special search condition; (iii) restitution of at least $89,000; (iv) a special assessment of $500; and (v) forfeiture of the Subject Property described in the Agreement.

DATED: August 1, 2025                              Respectfully submitted,

                                                                CRAIG H. MISSAKIAN
                                                                United States Attorney

                                                                 /s/ Eli J. Cohen
                                                                ELI J. COHEN
                                                                Special Assistant United States Attorney